# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

VICI L. BROWN,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,[1]

    Defendant.

Case No. 12-CV-50-FHM

## OPINION AND ORDER

Plaintiff, Vici L. Brown, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*,

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's October 21, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held March 11, 2010. By decision dated July 2, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 2, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 47 years old on the alleged date of onset of disability and 50 on the date of the ALJ's denial decision. She has a bachelor's degree in accounting education and formerly worked as accounting clerk. She claims to have been unable to work since July 1, 2008 as a result of recurrent severe headaches, depression, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1657(b) with occasional postural limitations, avoiding exposure to dust, perfumes, gases, cold and damp, requires low light and low noise with slight limitation in fingering, feeling, and gripping and easy access to restrooms. Work must be simple, repetitive and routine with limited stress. She is limited to brief and cursory contact with the public and needs to change positions from time to time. [R. 19]. Although Plaintiff is unable to return to her former occupation with these

limitations, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy at the light and sedentary exertional level that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to consider Plaintiff's Veteran's disability rating.

## Analysis

Under questioning by the ALJ, Plaintiff testified that she is 100 percent VA disabled, [R. 60], and she receives treatment for her migraine headaches at VA facilities. [R. 63]. The medical record contains records of Plaintiff's VA treatment for mental health issues and for migraine headaches. [R. 291-394; 451-508]. The record also contains a letter from the Department of Veterans Affairs verifying that as of July 2, 2008, Plaintiff is entitled to receive service connected compensation at the 100 percent rate. [R. 405]. The VA rating decision is also contained in the record. [R. 406-414].

The Commissioner's regulations provide that disability decisions by other governmental agencies cannot be ignored and must be considered. 20 C.F.R. §§ 404.1504, 416.904. The Commissioner has recognized that, although such decisions are not binding on the Social Security Administration, disability decisions by other governmental agencies including the VA may provide insight into the claimant's impairments and the ALJ is required to explain the consideration given to those decisions.

Social Security Ruling 06-03p, 2006 WL 2329939, *7. The ALJ failed to even mention Plaintiff's VA disability rating in his decision.

The Commissioner argues that the ALJ's failure to discuss the VA rating is harmless because the ALJ had the VA records available to him, discussed the VA medical findings, and based his decision on those records and findings. The court rejects the Commissioner's harmless error assertion. SSR 06-03p, which interprets the Commissioner's own regulations, explains that the ALJ "should explain the consideration given to [disability] decisions" in the denial decision. 2006 WL 2329939, at *7. In this case where the ALJ failed even to mention that Plaintiff had been rated 100% disabled by the VA, the court cannot discern what consideration was given to the VA rating.

The court finds that the ALJ's failure to acknowledge and discuss the VA disability rating is not harmless as that information may have had an impact in the way the ALJ viewed the credibility of Plaintiff's complaints. The failure of the ALJ to discuss the VA disability rating requires that the case be remanded for further consideration.

## Conclusion

The decision of the Commissioner is REVERSED and the case is REMANDED to the Commissioner to explain the consideration given to the VA disability rating.

SO ORDERED this 3rd day of July, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4